# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> KEVIN JOHNSON, <br><br> Defendant. | Criminal Action No. 02-0310 (JDB) |

## MEMORANDUM OPINION & ORDER

Before the Court is [38] Johnson's motion for a sentence modification under 18 U.S.C. § 3582(c)(2). For the following reasons, the motion will be denied.

On June 19, 2002, members of the Metropolitan Police Department were patrolling in the 400 block of K Street, SE, in Washington, DC. See Compl. & Statement of Facts [ECF No. 1]. Upon seeing the police officers, Johnson ran away, clutching his waistband; as he ran, he was observed throwing a pink object into the bushes. Id. Johnson was stopped, and police recovered a number of small pink bags containing a white powder and substance, which field-tested positive for opiates, and a loaded semiautomatic handgun. Id. A search of the defendant also revealed $543.25 and three hand-rolled cigarettes containing illicit drug material. Id.

Johnson was charged with three counts: (1) unlawful possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); (2) using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and (3) unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment of one year or more, in violation of 18 U.S.C. § 922(g)(1). See Indictment [ECF No. 6] at 1–2.

Following a jury trial, Johnson was found guilty on all counts. See Judgment [ECF No. 27] at 1. At the time of his sentencing, the applicable Guidelines range for Johnson was 262 to

1

327 months of imprisonment. Id. at 6. Johnson was sentenced in February 2003 to 322 months' incarceration. Id. at 2. The Court imposed a sentence of 262 months on the heroin possession offense; 120 months' incarceration on the felon-in-possession offense, to run concurrently with the heroin count; and 60 months' incarceration for possession of a firearm during a drug trafficking offense, to run consecutively to the other counts. Id. at 2. The Court ordered Johnson's sentence to be followed by a period of six years' supervised release for the heroin possession, and three years' supervised release on the other counts, to run concurrently. Id. at 3.

On May 9, 2017, Johnson filed a petition to modify his term of imprisonment. See Pet. for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) ("Def.'s Mot.") [ECF No. 38] at 1. He claims that he qualifies for a sentence reduction for Count One pursuant to the Sentencing Commission's Amendment 782, because he was sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the Sentencing Commission. See Def.'s Mot. at 1–2. Amendment 782 reduces by two the base offense levels assigned to drug quantities in the Drug Quantity Table in U.S.S.G. § 2D1.1(c), which effectively lowers the Guidelines' minimum sentences for drug offenses. See U.S.S.G. supp. to app. C, amend 782. The Amendment became effective on November 1, 2014 and applies retroactively. Id.

Johnson's claim, however, fails for two reasons. First, Johnson received a career offender enhancement under U.S.S.G. § 4B1.1, because he was at least eighteen years of age at the time of this conviction, the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and he had at least two prior convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a); see Sentencing Tr. [ECF No. 33] at 5:12–:18. The base offense level on Count Three—possession of a firearm by a person convicted of a crime punishable by imprisonment by one year or more, in violation of 18 U.S.C. § 922(g)(1)—

was 24.  U.S.S.G. § 2K2.1(a)(2); see Sentencing Tr. at 4:4–:8.  Johnson then received a ten-level enhancement for Counts One and Three, which brought the adjusted offense level to 34.[1]  U.S.S.G. § 4B1.1(a)(1); see Sentencing Tr. at 5:12–:24.  Because Johnson received the career offender enhancement, his base offense level, and therefore his sentencing guideline, was based on § 4B1.1, rather than on the drug quantity table in § 2D1.1.  Amendment 782 therefore does not apply to him, because the amendment did not affect § 4B1.1.  See, e.g., United States v. Quintanilla, 868 F.3d 315, 320 & n.8 (5th Cir. 2017) (collecting cases), cert. denied, 138 S. Ct. 1283 (2018).

Second, even if the career offender enhancement did not apply to Johnson, Amendment 782 would not have changed the base offense level for his drug offense.  The base offense level for Count One—possession with intent to distribute heroin—was 12, the lowest base offense level involving heroin.  See U.S.S.G. § 2D1.1.  Johnson was in possession of 2.4 grams of heroin, and, at that time, § 2D1.1 imposed a base offense level of 12 for 5 grams or less of heroin.  See U.S.S.G. § 2D1.1(a)(3), (c)(14) (2002).  Under the current version of the Guidelines, § 2D1.1 imposes a base offense level of 12 for 10 grams or less of heroin.  See U.S.S.G. §§ 2D1.1(a)(5), (c)(14) (2017).  Therefore, his base offense level for the drug offense in Count One remains unchanged.

Johnson's motion for a sentence reduction is therefore **DENIED**.

**SO ORDERED**.

/s/

JOHN D. BATES
United States District Judge

Dated: April 30, 2018

---

[1] Count Two—using, carrying and possessing a firearm during a drug trafficking offense—carried a five-year mandatory minimum, which had to run consecutive to any other term of imprisonment.