UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Crim. Action No. 2-310 (JDB) |
| KEVIN JOHNSON, | |
| Defendant. | |

## MEMORANDUM OPINION & ORDER

Kevin Johnson moves to reduce his sentence under the First Step Act of 2018. Mot. to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(B) & the First Step Act of 2018 ("Mot. to Reduce") [ECF No. 46] at 1. The government opposes the motion. Gov't's Opp'n to Def.'s Pro Se Mot. to Reduce Sentence Pursuant to the First Step Act ("Gov't's Opp'n") [ECF No. 48] at 1. For the reasons explained below, Johnson is ineligible for relief under the First Step Act and his motion for a reduced sentence will therefore be denied.

**I.     Background**

On July 18, 2002, Johnson was charged with three counts: (1) unlawful possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); (2) using, carrying, and possessing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1); and (3) unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). See Indict. [ECF No. 6] at 1–2. A jury found Johnson guilty on all counts, see Judgment [ECF No. 27] at 1, and in February 2003, the Court imposed a sentence of 322 months' incarceration, consisting of 262 months for heroin possession; 120 months on the felon-in-possession charge, to run concurrently to the heroin count; and 60 months for possession of a firearm during a drug-trafficking offense, to run consecutively to the two other counts, id. at 2.

1

On February 12, 2020, Johnson filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018. Mot. to Reduce at 1. Although Johnson acknowledges that he "is not well versed in the law," he asks the Court "to look at his sentence to see if he benefits from any of the sentencing reforms and guideline reductions." Id.[1] Having reviewed the relevant statutory and Guidelines provisions, as well as the record below, the Court concludes that Johnson is not entitled to any reduction in his sentence.

## II. Analysis

Section 404 of the First Step Act of 2018, Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222, permits a sentencing court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act, in turn, reduced the disparity between sentences for cocaine base (i.e., "crack cocaine") offenses and powder cocaine offenses by increasing the amount of cocaine base needed to trigger five-year and ten-year mandatory minimum sentences and by eliminating mandatory minimum sentences for simple possession offenses. See Fair Sentencing Act of 2010, Pub. L. No. 111-220 §§ 2–3, 124 Stat. 2372, 2372 (2010).

Relief under Section 404 of the First Step Act is limited to sentences imposed for cocaine base offenses. Johnson committed no such crime: he was convicted of possession with intent to distribute heroin and two other firearm-related offenses. Judgment at 1. The Fair Sentencing Act, and thus the First Step Act, have no bearing on those offenses, and the Court cannot provide him any relief under those provisions. See, e.g., United States v. Richardson, No. 99-cr-264-8, 2019 WL 4889280, at *6 (D. Conn. Oct. 3, 2019) ("Fair Sentencing Act did not modify the penalties for

---

[1] The Court notes that an attorney from the Federal Public Defender's Office was notified about Johnson's pro se motion and declined to file a supplement in support. See Gov't's Opp'n at 2 n.1.

2

crimes involving heroin"); United States v. Moss, Case No. 12-CR-30305-NJR, 2019 WL 4735907, at *1 (S.D. Ill. Sept. 27, 2019) ("[Defendant] is not entitled to relief under the First Step Act because her offenses involved heroin and not crack-cocaine."); United States v. Roberts, No. 1:15-CR-10057-JDB-1, 2019 WL 3850545, at *1 (W.D. Tenn. Aug. 15, 2019) ("The crime for which [defendant] was convicted involved heroin rather than crack cocaine; accordingly, it was not a 'covered offense' for [First Step Act] purposes.").[2]

Johnson briefly raises two other points in his motion. First, he notes that, since his sentencing in 2003, the Guidelines have been adjusted twice—"in '2008' and '2016'"—and inquires whether he may benefit from those reductions. Mot. to Reduce at 1. But Johnson does not identify which changes he thinks might entitle him to a sentence reduction. "Even pro se appellants must offer more than just generalized assertions of error, and must support their arguments with citations to the record and relevant authorities." Rodriguez v. Bakke, 84 Fed. App'x 685, 687 (7th Cir. 2003). Moreover, two years ago, this Court reviewed a motion that Johnson had filed for a sentence reduction under 18 U.S.C. § 3582(c)(2). See Apr. 30, 2018 Mem. Op. & Order [ECF No. 45]. At that time, the probation office prepared a memorandum showing that, as of June 14, 2017, the Guidelines calculation for Johnson's heroin offenses remained the same—262–327 months' imprisonment. Mem. from Senior U.S. Probation Officer [ECF No. 43] at 1. Given the Court's prior determinations and Johnson's failure to allude to any specific Guidelines changes, let alone ones after June 2017, the Court concludes that this passing argument cannot succeed.

Second, Johnson argues that he was "found to have possessed 2.3 [grams] of heroin which

---

[2] Johnson also refers to 18 U.S.C. § 3582(c)(1)(B) in the title of his motion, which provides that "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute" or Federal Rule of Criminal Procedure 35. Section 3582(c)(1)(B) thus provides no independent basis for Johnson's claim to a sentence reduction, and because the First Step Act does not permit a modification, Johnson's argument founders.

he believes does not trigger a mandatory minimum with today's statute." Mot. to Reduce at 1. Johnson was convicted under 21 U.S.C. § 841(a)(1), (b)(1)(C), which sets no statutory minimum sentence, but rather caps the prison term for an individual with "a prior conviction for a felony drug offense" at thirty years. Johnson identifies no previous mandatory minimum for § 841(b)(1)(C) that may have been in effect in 2003, nor is the Court aware of any. It is also unlikely that Johnson could have benefitted from such a reduction unless it were explicitly made retroactive; indeed, such was the case with the mandatory minimums for crack-cocaine offenses prior to the First Step Act. See United States v. Swangin, 726 F.3d 205, 207 (D.C. Cir. 2013) ("[A] defendant convicted and sentenced prior to the Fair Sentencing Act's effective date cannot benefit from the Act's new mandatory minimums in a subsequent proceeding."). Finally, Johnson's sentence on his heroin count was driven not by statutory minimums, but by the Guidelines, see Tr. of Sentencing Hr'g [ECF No. 49] at 3:19–6:16, 13:22–15:3, which the Court has already determined provide no basis for present relief.

The Court thus concludes that no relief is available under either the First Step Act or under the two additional theories that Johnson offers.

**III. Conclusion**

For the foregoing reasons, it is hereby **ORDERED** that [46] Johnson's motion to reduce his sentence is **DENIED**.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: April 7, 2020