UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KEVIN JOHNSON,<br><br>Defendant. | Crim. Action No. 02-310 (JDB) |

## MEMORANDUM OPINION & ORDER

Kevin Johnson moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the threat posed by the COVID-19 pandemic. See Mot. Pursuant to 18 U.S.C. § 3582(c) for Order Reducing Sentence & Granting Immediate Release ("Release Mot.") [ECF No. 54] at 1. Mr. Johnson is 59 years old and currently incarcerated at FCI Cumberland, a medium-security facility in Cumberland, Maryland, where he has served about 216 months of his total 322-month sentence. See id. at 2; Ex. A to Release Mot. [ECF No. 61] at 3, 5, 12 (confirming Mr. Johnson's current age). His scheduled release date is June 5, 2025, see id.; Find a Prisoner, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed on Sept. 11, 2020), but he argues that his advanced age, in combination with high cholesterol, farsightedness, and high blood pressure, place him at an increased risk of severe disease if he were to contract COVID-19, see Release Mot. at 2, 4–5. In light of that risk, and his allegedly "excellent behavioral record" in prison, Mr. Johnson argues that the Court should grant him immediate release or, at minimum, permit him to serve the rest of his sentence on home confinement.

The government opposes the motion, arguing both (1) that Mr. Johnson fails to demonstrate that his underlying health conditions pose an "extraordinary and compelling reason[]" for his release under § 3583(c), and (2) that the gravity of his offense necessitates that Mr. Johnson serve

1

his full term of incarceration.  See United States' Opp'n to Def.'s Mot. Pursuant to 18 U.S.C. § 3582(c) for Order Reducing Sentence & Granting Immediate Release ("Gov't's Opp'n") [ECF No. 59] at 1–2.  For the reasons explained below, the Court agrees with the government that Mr. Johnson does not present "extraordinary and compelling reasons" under § 3582(c) for a reduction in his sentence and will thus deny his motion.

Under the First Step Act of 2018, a court may, upon motion of the Bureau of Prisons or a defendant, reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," the court concludes that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i); see also USSG § 1B1.13 (setting forth the Commission's policy statement, which requires (among other things) that the defendant's release not pose "a danger to the safety of any other person or to the community").  "As the moving party, the defendant bears the burden of establishing that he is eligible for a sentence reduction under § 3582(c)(1)(A)."  United States v. Demirtas, No. 11-cr-356 (RDM), 2020 WL 3489475, at *1 (D.D.C. June 25, 2020).  And a court may consider a defendant's motion for such a reduction only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring [such] a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

To start, the parties agree that Mr. Johnson has satisfied § 3582(c)(1)'s exhaustion requirement by waiting 30 days from the warden's receipt of his request before filing his motion.  See Release Mot. at 16, Gov't's Opp'n at 2.  The Court thus turns directly to the merits of the motion for compassionate release.

Mr. Johnson argues that the combination of his advanced age (59 years old) and his underlying health conditions (high cholesterol, farsightedness, and high blood pressure) place him at an increased risk of suffering severe illness if infected with COVID-19 such that there are "extraordinary and compelling reasons" for his release under § 3582(c)(1)(A). Release Mot. 4–15. To that end, he marshals over two dozen cases where courts have granted compassionate release to prisoners with preexisting medical conditions and/or advanced age. See id. at 11–15. Mr. Johnson also highlights the higher rates of COVID-19 infection in the federal prison system than in the wider community and argues that his continued detention at FCI Cumberland increases the risk that he will contract the disease. See id. at 5–10.

None of these factors, alone or in combination, qualify as "extraordinary and compelling reasons" for release under § 3582(c)(1)(A). First, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Instead, the Court must look to Mr. Johnson's specific health concerns and to the conditions at FCI Cumberland to determine whether "extraordinary and compelling reasons" for release exist. Such reasons include, at minimum, those circumstances defined in the Guidelines, such as "suffering from a terminal illness" and "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," USSG § 1B1.13, cmt. (n.1). Some courts have also considered circumstances that are "comparable or analogous to what the [Sentencing] Commission has already articulated as criteria for compassionate release." United States v. Fox, Criminal No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

Even under this more expansive set of circumstances, however, Mr. Johnson fails to demonstrate that his health conditions place him at an "extraordinary and compelling" need for release. In terms of age, Mr. Johnson is 59 years old, and while he is at an increased risk of serious illness relative to inmates in their 30s or 40s, the Centers for Disease Control and Prevention has identified people over the age of 65—and especially over the age of 85—as being particularly vulnerable. See Older Adults, Centers for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed on Sept. 11, 2020). Therefore, Mr. Johnson's age standing alone is not sufficient to warrant release. Cf. United States v. Pena, Cr. No. 16-10236-MLW, 2020 WL 2798259, at *3 (D. Mass. May 29, 2020) (noting the "higher risk for developing more serious complications from COVID-19" for individuals over age 65).

As to his health conditions, two of Mr. Johnson's diagnoses—hyperlipidemia (high cholesterol) and presbyopia (farsightedness), see Release Mot. at 2—are not linked to an increased risk of severe illness from COVID-19, see People with Certain Medical Conditions, Centers for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed on Sept. 11, 2020). Mr. Johnson's hypertension, which does place him at an increased risk of severe illness from COVID-19, see id., appears to be well managed. Indeed, according to medical records from May 26, 2020, Mr. Johnson is taking his hypertension medication and reports no complaints. See Ex. B to Gov't's Opp'n [ECF No. 60] at 2. Mr. Johnson does not contest that he has been able to manage his condition well, and under such circumstances, the Court concludes that he "has not carried his burden of demonstrating that his hypertension is an extraordinary and compelling reason for release." United States v. Orji, Criminal Action No. 18-CR-68 (BAH), 2020 WL 5107545, at *3

(D.D.C. Aug. 31, 2020); see also United States v. Franklin, Criminal No. 07-CR-178 (JDB), 2020 WL 4049917, at *2 (D.D.C. July 20, 2020) (denying defendant's motion under § 3582(c) given "the absence of documentation" demonstrating the severity of his hypertension and tobacco use). Other courts have come to a similar conclusion for prisoners of Mr. Johnson's age with hypertension.  See, e.g., United States v. Jeffers, No. CR13-3033-LTS, 2020 WL 3100842, at *2, 7 (N.D. Iowa June 11, 2020) (finding no "extraordinary or compelling reasons" existed for a 59-year-old prisoner with hypertension and well-controlled Type 2 diabetes); United States v. Gray, No. 14 CR 810-10 (CM), 2020 WL 3050730, at *3 (S.D.N.Y. June 8, 2020) (finding no "extraordinary or compelling reasons" existed for a 53-year-old prisoner with "benign" hypertension).

As for the many cases that Mr. Johnson cites in support of his motion, most concern prisoners with much more severe underlying conditions than Mr. Johnson has, including some combination of diabetes, chronic obstructive pulmonary disease, and cancer.  See Release Mot. at 11–15.  In the few instances where a defendant appears to suffer from hypertension alone, or in combination with other non-aggravating health conditions, the detention facilities where those defendants were detained were facing severe COVID-19 outbreaks, See, e.g., United States v. Sawicz, No. 08-cr-287 (ARR), 2020 WL 1815851, at *2 (E.D.N.Y. Apr. 10, 2020) (granting release where a defendant, suffering from only hypertension, was detained at FCI Danbury, which had an "outbreak").  Such is not the case at FCI Cumberland, where there are currently two prisoners with active infections, along with six prisoners and six staff members who have recovered from COVID-19.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed on Sept. 11, 2020); see also United States v. Willingham, No. CR 113-010-1, 2020 WL 2843223, at *2 & n.3 (S.D. Ga. June 1, 2020)

(describing a facility's three active cases as creating "too speculative" a risk of exposure to grant relief).

The Court thus concludes that Mr. Johnson has not demonstrated "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A).  And because such a finding is necessary for either form of relief that Mr. Johnson seeks—either immediate release or home confinement—his motion must be denied.

*     *     *

For the foregoing reasons, it is hereby **ORDERED** that [54] Mr. Johnson's motion pursuant to 18 U.S.C. § 3582(c) for an order reducing his sentence and granting immediate release is **DENIED**.

**SO ORDERED.**

/s/<br>JOHN D. BATES<br>United States District Judge

Dated:  September 12, 2020